IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA,**
  Plaintiff,

vs.              CASE NO. 2:18-cr-20386-JTF

**NATHANIEL HALL**
  Defendant.

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS AND OBJECTIONS TO REPORT AND RECOMMENDATIONS**

  COMES NOW the Defendant, by and through court-appointed counsel of record, and pursuant to §6A1.2 United States Sentencing Guidelines, Rule 32 Federal Rules of Criminal Procedures, and applicable local rules, files this position with respect to sentencing factors and objections to presentence report and recommendations:

1. Guilty plea was entered on April 18, 2019 to this one count indictment, unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

2. Draft of presentence investigation report was filed on June 21, 2019, less than 35 days prior to sentencing hearing set July 19, 2019.

3. PSR 7 and 10. Charles Nelson is not the owner of 785 Looney, an unregistered parcel of land in Memphis, Shelby County, Tennessee.

4. PSR 17. Base Offense Level for 18 U.S.C. § 922(g) per USSG §2K2.1 should be 24.

5. PSR 18. Injury described does not belong to the same class of injuries falling under the definition of serious bodily injury. No enhancement or cross reference should apply.

6. PSR 23. No Chapter Four Enhancement should apply. PSR 48 and 54. Burglary of Building (other than a habitation) T.C.A. § 39-14-402 does not have as an element the

use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense. Based on the facts, the offensive conduct presented no serious potential risk of injury to another person.

7. **Total Offense Level**             21
8. **Criminal History Score**          12 points Category V
9. **Guideline Imprisonment Range**    70 to 87 months

10. Applicable criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. While Mr. Hall has a lengthy arrest record, in the 35-year period between his arrest in 1983 [PSR 29] and his current these three pending charges from 2018 [PSR 66 and 67] he has never been charged with a deadly weapons offense. This is an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court should consider a departure warranted.

11. Mental and emotional conditions may be relevant in determining whether a departure is warranted if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. Mr. Hall was admitted for involuntary mental health treatment on two separate admissions in the period between December 2013 and February 2014 and discharged with a diagnosis of major depressive disorder and polysubstance dependence. PSR 79. Subsequent to those admissions, Mr. Hall was arrested six times in the year 2014 alone, all offenses citing his polysubstance dependence as a relevant factor. PSR 50, 51, 52, 53, 54, 55. His long time employer Saul

Clark passed away in September 2015. PSR 87. In July 2016 he was discharged from Regional One Health with prescription for Clindamycin and oxycodone, and was subsequently admitted again in March 2018 diagnosed with epigastric pain, essential hypertension, and cocaine abuse. PSR 77. Mr. Hall has never received substance abuse treatment and acknowledges that he could benefit from substance abuse treatment. PSR 82. While drug or alcohol dependence ordinarily is not a reason for a downward departure, it may be appropriate to accomplish a specific treatment purpose.

12. Most simply stated, Mr. Hall is not an armed career criminal, he is a man with deteriorating health and mental condition. In determining a just punishment that protects society and deter future criminal conduct and reflects the seriousness of the offense, the Court may reach this goal, not through a longer term of imprisonment, but through extensive counseling and treatment and an extensive period of supervised release.

s/Ruchee J. Patel
Ruchee J. Patel (TN#26521)
PO Box 3453
Memphis, TN 38173
(901) 213-6529

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and exact copy of the foregoing has been served via electronic filing to the following:

> MARQUES T. YOUNG
> U.S. ATTORNEY'S OFFICE
> Federal Building
> 167 N. Main St. Ste. 800
> Memphis, TN 38103

This the 8th day of July, 2019.

s/Ruchee J. Patel
Ruchee J. Patel
